THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ VIERA GONZÁLEZ, Defendant and Appellant.

No. 7854.  Argued January 9, 1940.—Decided January 16, 1940.

*Villamil and Santana Becerra,* for appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

A complaint was filed against José Viera González, driver of the public service bus license No. P–12, for a violation of Section 12, paragraphs (*a*) and (*g*) of the Motor Vehicle Act, consisting in not being duly careful and not taking the necessary precautions to insure the safety of lives and property, in that while driving his car on Ponce de León Avenue and turning on Norzagaray Street in a northerly direction, he did not give warning with his claxon, as a result of which he struck Dr. Walter Von Zelinski, causing him serious contusions all of which took place in the City of San Juan, on September 26, 1938, at 9:30 P.M.

The case was finally heard in the District Court of San Juan and Viera was sentenced to pay a $15.00-fine or spend one day in jail for each dollar unpaid.

The driver appealed and in an extensive brief maintains that there was not sufficient evidence to prove the facts alleged in the complaint and that the court erred in weighing the evidence presented by both parties and in not allowing the information appearing on the Police Blotter of the San Juan Police Station to be presented in evidence, with regard to the facts alleged in the complaint, in order to impeach the testimony of one of the witnesses in regard to the manner in which the accident happened. The Prosecuting Attorney refutes appellant's arguments also at great length.

■■■ We have read the complaint and the evidence and in our opinion the sentence appealed from should be affirmed.

The defense places all the emphasis of its argument on the fact that in its opinion all the evidence tended to show that it was Dr. Von Zelinski who absent-mindedly struck the bus and that the bus did not strike him. The defense loses sight of the fact that it was not the damages caused to the doctor that constituted the offense, but the act of turning into Norzagaray Street without giving any warning, that is, without taking the due precautions for the security of lives and property. The damages caused complete the picture, emphasize the act and illustrate the necessity for the rule, but they do not constitute, we repeat, the violation.

The law violated, that is, Section 12, paragraphs (a) and (g) of Act 75 to regulate the use of motor vehicles (Laws of 1916, p. 147), states:

"Section 12.—(a) That persons operating motor vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property.
" *      *      *      *      *      *      *
" (g) On approaching a street or road intersection or junction or a schoolhouse during the hours when students are apt to be entering or leaving the building, speed shall be slackened and due warning given by signaling device and the same precautions shall be observed

in approaching a street car stopped for the discharge or taking on of passengers and no motor vehicle shall pass nearer than eight feet to such street car.''

The evidence in regard to the fact that the driver did not give any warning with his claxon on turning into Norzagaray Street from Ponce de León Avenue is so clear that there can be no discussion.

Therefore, the appeal should be dismissed without any necessity of following appellant's argument in regard to the manner in which the accident happened, or in regard to whether or not the court erred in not accepting the evidence of the police blotter, with respect to the manner in which the accident occurred. Nevertheless, it is convenient to state that from the study which we have made of the transcript we must conclude that the district court was right when it stated as follows in its judgment:

"The theory of the defense that Dr. Von Zelinski, on crossing the street, struck the right side of the bus and thereby broke both his legs and received contusions on his back so serious that he had to spend six weeks in the hospital and be subject to medical assistance even after that, is incredible to this court. To break both his legs and receive the contusions he received, he must have been violently struck, and this shows that the bus, on turning the corner of Norzagaray Street and Ponce de León Avenue, did so at high speed and without taking the due precautions, or giving warning with its claxon as it is shown by all the evidence, that he sounded no warning either with claxon or horn, and damages may be caused to a person without necessarily striking him with the front of the vehicle—a person may be struck by the side of a vehicle.''

The judgment appealed from is affirmed.